**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NEEKHOACH DUHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17 C 8545 |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Neokoach Duhart has sued his former employer, the United States Postal Service, asserting claims of race discrimination, wrongful termination, breach of contract, retaliation, and infliction of emotional distress. The Postal Service has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that Duhart's suit is barred by the dismissal of a prior suit he filed against the Postal Service in the Eastern District of Wisconsin. For the reasons stated below, the Court grants the Postal Service's motion.

### Facts

Duhart was employed as a mail handler's assistant at a Postal Service facility in Oshkosh, Wisconsin from November 2016 until he was terminated on December 8, 2016 for taking excessive breaks. The Postal Service facility terminated Duhart within his 90-day probationary period but did not give him documentation regarding his termination until a month later. Duhart alleges, among other claims, that he reported

racial discrimination by a coworker and that the Postal Service violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2, by failing to take disciplinary action against the coworker. Duhart alleges that after he reported the racial discrimination, other coworkers harassed him during his breaks and shifts.

After his termination, Duhart initiated an internal Equal Employment Opportunity (EEO) pre-complaint procedure against the Postal Service. A mediation held in January 2017 was unsuccessful. Duhart then received a notice from the Postal Service EEO office stating that he could file a formal complaint with the agency within 15 days after receipt of the notice. Duhart did not file an internal EEO complaint at that point; instead he filed a lawsuit in the Eastern District of Wisconsin in February 2017, alleging racial discrimination, wrongful termination, and retaliatory discharge. One week after filing suit, Duhart filed a formal internal EEO complaint, which the agency dismissed because it was untimely.

Duhart filed an motion in the Eastern District of Wisconsin asking the Court to transfer the case to the Northern District of Illinois because he had moved to Chicago. In June 2017, the court denied Duhart's motion because the claims arose in Wisconsin. In the same order, the court dismissed Duhart's complaint with prejudice, finding that he had failed to comply with the requirement to exhaust administrative remedies before filing suit. Specifically, the court concluded that the untimeliness of Duhart's internal EEO complaint amounted to a failure to exhaust, concluded that this failure was incurable, and dismissed Duhart's lawsuit with prejudice as a result. Duhart did not appeal the dismissal. Instead, in November 2017, Duhart filed the present lawsuit. In his complaint in this case, Duhart alleges that he was wrongfully terminated; the Postal

Service breached his employment contract by terminating him; and that he was subjected to racial discrimination and retaliatory discharge. He also alleges intentional infliction of emotional distress.

The Postal Service has moved to dismiss Duhart's complaint under the doctrine of *res judicata*, or claim preclusion. It contends that the dismissal of Duhart's claims in his prior lawsuit bars the present lawsuit. Duhart opposes the motion.

## Discussion

The doctrine of claim preclusion "prohibits parties 'from re-litigating issues that were or could have been raised in' a previous action in which there was final judgment on the merits." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (quoting *Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006)). This serves the purpose of conserving judicial resources, preventing inconsistent decisions, and assuring an efficient judicial system. *See Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 858 (7th Cir. 2001). The defense requires a defendant to establish the following three elements: 1) the two suits involve the same cause of action; 2) the parties in the two suits are the same; and 3) there was a final judgment on the merits in the first suit. *Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir. 1995)."[C]laim preclusion 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Kratville v. Runyon*, 90 F.3d 195, 197–98 (7th Cir. 1996) (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)).

The first are whether the two cases involve the same cause of action. "A claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or

3

nearly the same, factual allegations arising from the same transaction or occurrence." *Kratville*, 90 F.3d at 198 (internal citations omitted). In *Kratville*, the court dismissed an employee's discrimination suit against the Postal Service based on claim preclusion because a previous suit the employee filed against the Postal Service had been dismissed due to her failure to exhaust her administrative remedies in a timely fashion. *Id.* at 197. The plaintiff argued that because she had gone back to exhaust administrative remedies after her first dismissal, she had "changed the nature of her cause of action and thereby should be able to avoid the bar of claim preclusion." *Id.* at 198. The court rejected this argument, holding that because the plaintiff's second suit was based on the same set of facts as her first suit, it met the test for identity of the causes of action and was barred by claim preclusion. *Id.* In *Brzostowski*, the district court dismissed a former employee's age discrimination suit based on claim preclusion. *Brzostowski*, 49 F.3d at 338. On appeal, the plaintiff argued that there was no identity of the causes of action because his first suit asserted a claim for breach of an employment contract, whereas the second asserted an age discrimination claim. *Id.* The Seventh Circuit affirmed the dismissal, stating that though "the legal elements of each claim may be different, the central factual issues are identical"—both suits arose out of the employer's termination of the employee and thus involved the same cause of action. *Id.*

The same is true here. Both Duhart's suit in this Court and his previous suit stem from the same underlying conduct involving his employment with the Postal Service. Duhart's addition of new claims in this suit does not undermine the application of claim preclusion, because the new claims arose from the same underlying facts as Duhart's first suit.

The second question is whether the parties in the two cases are the same. *Golden*, 53 F.3d at 869. This is an easy one; they are.

Finally, the Postal Service must establish there was a final judgment on the merits in Duhart's first case. *Golden*, 53 F.3d at 869. For purposes of claim preclusion, a federal court's decision "that a statute of limitation or an administrative deadline bars an action is a decision on the merits." *Kratville*, 90 F.3d at 198. That is what happened here. The judge in the Eastern District of Wisconsin dismissed Duhart's first case with prejudice because he had not met a deadline for administrative exhaustion and this could no longer be cured. Duhart argues that there was no final judgment in his prior case because the court dismissed his case before it reached trial. But the court dismissed his complaint with prejudice, which was a final judgment on the merits. Duhart could have appealed, but he did not.

## **Conclusion**

For the reasons stated above, the Court grants defendant's motion to dismiss [dkt. no. 14] and directs the Clerk to enter judgment dismissing this case with prejudice.

Date: July 5, 2018

_____
MATTHEW F. KENNELLY
United States District Judge